IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES V. FAULKNER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>GUY PIERCE and the ATTORNEY )<br>GENERAL for the STATE of ILLINOIS, )<br>)<br>Respondents. ) | CIVIL NO. 05-457-DRH |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner James Faulkner, currently incarcerated in the Pontiac Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. He seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the Court finds that he is, in fact, indigent. Accordingly, the motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

In 1987, Faulkner was found guilty of first degree murder in the Circuit Court of Williamson County, Illinois. The sentencing judge found the crime to be exceptionally brutal and heinous; therefore, the judge imposed an extended-term prison sentence of natural life. Following unsuccessful appeals and post-conviction motions in the state courts, Faulkner filed this habeas corpus action in which he argues that his extended term sentence is invalidated by *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (effective April 24, 1996). For prisoners whose convictions became final prior to enactment of this statute, a one-year grace period permitted them to file their federal habeas petitioner by April 24, 1997. *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002).

In this case, Faulkner was sentenced on October 15, 1987; his direct appeal was decided on August 1, 1989. *People v. Faulkner*, 186 Ill.App.3d 1013, 542 N.E.2d 1190 (5th Dist., 1989). He did not appeal that decision to the Illinois Supreme Court; therefore, Faulkner's direct appeals of his conviction were exhausted in 1989, and he was required to file his federal habeas corpus petition on or before April 24, 1997. He did not file this action until June 27, 2005, well after the statute of limitations and its corresponding grace period had expired; thus, this action is time-barred.

No subsection of § 2244(d)(1) changes this conclusion. The only possible option might be found under § 2244(d)(1)(C), but the newly-recognized right at issue in this petition (the Supreme Court's holding in *Apprendi*) is *not* retroactively applicable to cases on collateral review. *See Curtis v. United States*, 294 F.3d 841, 842 (7th Cir. 2002) ("*Apprendi* is not retroactive on collateral review."). This same conclusion has been reached by the Illinois Supreme Court, as was thoroughly discussed by the Fifth District Appellate Court in its Rule 23 Order. *People v. Faulkner*, Case No.

87-CF-117 (5th Dist., order dated Oct. 31, 2003) (attached to the instant petition as Doc. 1-3, pages 4-14).  *See People v. De La Paz*, 204 Ill. 2d 426, 439, 791 N.E.2d 489, 497 (2003) (*Apprendi* does not apply retroactively to criminal cases in which direct appeals were exhausted before *Apprendi* was decided).[1]

Accordingly, this habeas corpus petition is **DISMISSED** as untimely filed.  Dismissal is *without prejudice* to Faulkner's right to file a new § 2254 habeas corpus petition, *if* the United States Supreme Court determines that *Apprendi* applies retroactively on collateral review.

**IT IS SO ORDERED.**

**DATED:  November 28, 2005.**

/s/    David RHerndon
**DISTRICT JUDGE**

---

[1] Petitioner's reliance upon *People v. Swift*, 202 Ill.2d 378, 781 N.E.2d 292 (2002) is misplaced, as that case was decided as part of Swift's direct appeal from his conviction, rather than on collateral review.