IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES V. FAULKNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  CIVIL NO. 05-457-DRH |
| | ) |
| GUY PIERCE and the ATTORNEY | ) |
| GENERAL for the STATE of ILLINOIS, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner appeals the dismissal of his habeas corpus action, and he now asks this Court to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c), which provides in pertinent part:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from —
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1).

As basis for this motion, Petitioner argues that the Court ignored his argument that his sentence is invalidated by *People v. Swift*, 202 Ill.2d 378 (2002). However, the Court did not overlook that argument. Rather, the Court observed that "Petitioner's reliance upon *People v. Swift*, 202 Ill.2d 378, 781 N.E.2d 292 (2002) is misplaced, as that case was decided as part of Swift's direct appeal from his conviction, rather than on collateral review." (*See* Memorandum and Order, Doc. 8 at n. 1). Further, *Swift* was decided a year prior to *People v. De La Paz*, 204 Ill. 2d 426, 439, 791

N.E.2d 489, 497 (2003), in which the Illinois Supreme Court held that *Apprendi v. New Jersey,* 530 U.S. 466 (2000), does not apply retroactively to criminal cases in which direct appeals were exhausted before *Apprendi* was decided.

Accordingly, Petitioner has not made a substantial showing of the denial of a constitutional right, and his motion for issuance of a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 4, 2006.**

/s/   David RHerndon
**DISTRICT JUDGE**