**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAMES V. FAULKNER, | ) |
| Petitioner, | ) |
| | ) CIVIL NO. 05-457-DRH |
| vs. | ) |
| | ) APPEAL NO. 05-4660 |
| GUY PIERCE and the ATTORNEY | ) |
| GENERAL for the STATE of ILLINOIS, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

The Court previously denied Petitioner's request for issuance of a certificate of appealability (*see* Docs. 11, 14). Petitioner then filed a supplemental argument (Doc. 21), which the Clerk construed as a motion to reconsider the Court's order denying issuance of a certificate of appealability (Doc. 14).

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted). The order in question

was entered on January 4, 2006, and the instant motion was filed on January 23.  Giving Petitioner the benefit of the mailbox rule, the Court finds that this motion was filed within the 10-day period. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).

Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).  Upon review of the record, the Court remains persuaded that its ruling denying the request for a certificate of appealability was correct.  Therefore, the instant motion for reconsideration is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:   February 13, 2006.**

    /s/   David   RHerndon
    **DISTRICT JUDGE**